# UNITED STATES DISTRICT COURT
CENTRAL District of ILLINOIS

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | **FILED** |
| Jaime Breckenridge | Case Number: 17-20043-001 |
| | USM Number: 13753-025 |
| | Elisabeth Pollock |
| **Date of Original Judgment:** 11/8/2018 | Defendant's Attorney |
| (Or Date of Last Amended Judgment) | JAN - 9 2019 |
| **Reason for Amendment:** | CLERK OF COURT |
| | CENTRAL DISTRICT COURT |
| | OF ILLINOIS |

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
☑ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**
☑ pleaded guilty to count(s)  1-2
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2252A(a)(2)(A)&(b)(1) | Distribution of Child Pornography | 9/27/2016 | 1 |
| 18 U.S.C. § 2252A(a)(5)(B)&(b)(2) | Possession of Child Pornography | 7/28/2017 | 2 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

1/8/2019
Date of Imposition of Judgment

s/James E. Shadid

Signature of Judge

James E. Shadid — Chief U.S. District Judge
Name of Judge — Title of Judge

1-9-19
Date

AO 245C (Rev. 09/11) Amended Judgment in a Criminal Case
Sheet 2 — Imprisonment

(NOTE: Identify Changes with Asterisks (*))

DEFENDANT: Jaime Breckenridge
CASE NUMBER: 17-20043-001

Judgment — Page 2 of 6

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of

96 months on Counts 1 and 2, to be served concurrently.

☑ The court makes the following recommendations to the Bureau of Prisons:

1. It is recommended that the defendant serve his sentence in a facility as close to his family in Florida as possible. 2. It is further recommended that the defendant serve his sentence in a facility that will allow him to participate in the Sex Offender Treatment Program and maximize his exposure to educational and vocational opportunities.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m ☐ p.m. on _____.

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____.

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: Jaime Breckenridge
CASE NUMBER: 17-20043-001

Judgment—Page 3 of 6

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of

10 years on each count to be served concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☑ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☑ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the following conditions:

1. The defendant shall not knowingly leave the judicial district without the permission of the court or probation officer.
2. The defendant shall report to the probation officer in a reasonable manner and frequency directed by the court or probation officer
3. The defendant shall follow the instructions of the probation officer as they relate to the defendant's conditions of supervision. Any answers the defendant gives in response to the probation officer's inquiries as they relate to the defendant's conditions of supervision must be truthful. This condition does not prevent the defendant from invoking his Fifth Amendment privilege against self-incrimination.
4. The defendant shall notify the probation officer at least ten days prior, or as soon as knowledge is gained, to any change of residence of employment which would include both the change from one position to another as well as a change of workplace.
5. The defendant shall permit a probation officer to visit him or her at home or any other reasonable location between the hours of 6 a.m. and 11 p.m., unless investigating a violation or in case of emergency. The defendant shall permit confiscation of any contraband observed in plain view of the probation officer.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245C (Rev. 09/11) Amended Judgment in a Criminal Case
Sheet 3A — Supervised Release

(NOTE: Identify Changes with Asterisks (*))

DEFENDANT: Jaime Breckenridge
CASE NUMBER: 17-20043-001

Judgment—Page 4 of 6

# ADDITIONAL SUPERVISED RELEASE TERMS

6. The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.

7. You shall participate in psychiatric services and/or a program of mental health counseling/treatment as approved by the U.S. Probation Office and shall take any and all prescribed medications recommended by the treatment providers. You shall pay the costs of the treatment to the extent you are financially able to pay. The U.S. Probation Office shall determine your ability to pay and any schedule for payment, subject to the court's review upon request.

8. You shall participate in a sex offender treatment program as approved by the U.S. Probation Office. You shall abide by the rules of the treatment provider. You shall submit to physiological testing, including polygraph testing. You shall pay the costs of the treatment to the extent you are financially able to pay. The U.S. Probation Office shall determine your ability to pay and any schedule for payment, subject to the court's review upon request.

9. You shall have no contact with any person under the age of 18 except: (1) in the presence of an adult who is aware of the nature of your background and current offense, and whose has been approved by the U.S. Probation Office; :2) in the course of normal commercial business; or (3) in other cases of unintentional and incidental contact.

10. You shall not knowingly receive, transmit, have under your control, or view, any material that depicts sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A) and (B).

11. You shall participate with the U.S. Probation Office's Computer and Internet Monitoring Program (CIMP) during your term of supervision. The monitoring program will start as soon as possible after your supervision term begins. You shall sign the rules of the Computer Internet and Monitoring Program and comply with the conditions of this program. During this time, you shall install filtering software on any computer you possess or use which will monitor access to websites that depict sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A) and (B). You shall allow the U.S. Probation Office unannounced access to any computer you possess or use to verify that the filtering software is functional. You shall pay the costs of the program to the extent you are financially able to pay. The U.S. Probation Office shall determine your ability to pay and any schedule for payment, subject to the court's review upon request.

12. If there is reasonable suspicion to believe that you are in violation of a condition of supervised release, you shall submit to the search of your person, automobile, and property under your control by the U.S. Probation Office. You shall also allow the U.S. Probation office to conduct periodic unannounced examinations of your computer equipment, Internet capable devices, similar electronic devices, related computer peripherals, which may include retrieval and copying of all data from your device to ensure compliance with this condition, and/or removal of such equipment for the purpose of conducting a more thorough inspection.

13. You shall register with the state sex offender registration agency in any state where you reside, are employed, carry on a vocation, or are a student, as directed by the probation office.

DEFENDANT: Jaime Breckenridge
CASE NUMBER: 17-20043-001

Judgment — Page 5 of 6

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|----------------|----------|-----------------|
| TOTALS | $ 200.00       | $        | * $ 4,500.00    |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☑ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|-----------------|-------------------------|----------------------------|
| "Emily"           | $3,000.00       | $3,000.00               |                            |
| *"Pia"            | $500.00         | $500.00                 |                            |
| *"Mya"            | $500.00         | $500.00                 |                            |
| *"Maureen"        | $500.00         | $500.00                 |                            |

*Payment to be made to:

Attorney Deborah A. Bianco, in trust for Pia, Mya, and Maureen mailed to 14535 Bellevue-Redmond Road, Suite 201, Bellevue, WA 98007

| TOTALS | $ *4,500.00 | $ *4,500.00 |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    ☑ the interest requirement is waived for    ☐ fine    ☑ restitution.

    ☐ the interest requirement for    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Jaime Breckenridge
CASE NUMBER: 17-20043-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  ☑ Lump sum payment of $ *4,700.00 due immediately, balance due

  ☐ not later than _____ , or
  ☑ in accordance with ☐ C, ☐ D, ☐ E, or ☑ F below; or

B  ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☑ Special instructions regarding the payment of criminal monetary penalties:

  Upon release from confinement, the defendant shall make monthly payments of at least 50 percent of his disposable income per month during the entire term of supervised release or until the restitution obligation is paid in full.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

  Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
  The Court orders the defendant to forfeit all property listed in the Notice of Forfeiture contained in the Indictment, except a white Samsung cell phone, a Sony Playstation 4, and three digital cameras, including; a silver kodak digital camera, a red Sony Cyber-Shot digital camera, a silver Canon PowerShot digital camera.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.